### No. 1854.
### Second Circuit Appeal.

## IRA W. BOBO v. V. HILL BOYETT.

(March 17, 1925, Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. Louisiana Digest—Appeal—Par. 625.
The opinion of trial judge on questions of fact namely, that goods delivered to a merchant were sent on consignment and not sold; not being manifestly erroneous is affirmed.

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville. Hon. J. E. Reynolds, Judge.

This is a suit to recover the price of merchandise alleged sold and delivered. There was an attachment by plaintiff and a reconventional demand filed by defendant.

Judgment for defendant rejecting plaintiff's demands and dissolving the attachment. Defendant's reconventional demand was dismissed as of non-suit. Plaintiff appealed.

Lee & Lindsey, of Minden, attorneys for plaintiff-appellant.

Goff & Barnette, of Arcadia, attorneys for defendant-appellee.

ODOM, J. Plaintiff brings this suit to recover of defendant the sum of $895.08, and alleges as his cause of action that in the month of October, 1921, he sold and delivered to defendant a lot of merchandise for which he has not been paid. He alleges, further, that after the goods

were delivered to defendant at his store in Jamestown, in Bienville parish, defendant insured them in his own name and that shortly thereafter said goods were destroyed by fire and that defendant collected the insurance and deposited the money in the Bank of Minden. He further sets out that defendant has mortgaged, assigned or disposed of his property to the prejudice of plaintiff's rights. He asked for and obtained a writ of attachment. The Bank of Minden was made a party garnishee.

The defendant answered, denying any indebtedness to plaintiff, but alleges that plaintiff left a small amount of goods at his place to be sold on commission; that he did not become the owner of the goods and that the same were destroyed by fire and that he is no wise responsible to plaintiff for the goods or the proceeds thereof.

He sets up that the writ of attachment was illegally issued and asks that the same be dissolved, with damages in the sum of $350.00, for which amount he asks judgment in reconvention.

In the lower court plaintiff's demands were rejected at his cost, the writ of attachment was dissolved and defendant's reconventional demand for damages was dismissed as in case of non-suit.

From this judgment plaintiff has appealed.

Defendant did not appeal, nor has he answered the appeal.

## OPINION.

Only a question of fact is involved in this case. If the goods were sold to defendant, as plaintiff alleges and swears they were, defendant owes plaintiff the amount claimed; for there is no dispute about the facts that the goods were worth $895.08 and were delivered to defendant at his store in Jamestown.

But defendant alleges and swears that he did not purchase these goods but took them into his store to be sold by him in the ordinary course of trade along with other merchandise, not as his property but as the property of plaintiff, it being understood that defendant should retain as his compensation for handling the goods one-half of the profits; in other words, that he took the goods to sell on commission.

Plaintiff swears unequivocally that he sold the goods to defendant for the sum of $1085.08, and that at some time subsequent to the sale, he does not know the date, defendant made a partial payment of $200.00 on the goods.

The $200.00 payment is not denied by defendant, but he says that this amount was due plaintiff as the proceeds of sales which he had made.

Plaintiff alleges and swears that defendant was to take out additional insurance to cover the goods, the insurance to be in defendant's name. He did take out additional insurance after receiving these goods, but whether to cover these goods or others is not made clear.

Plaintiff testified that he sent defendant an invoice for the goods and that defendant did not dispute the account but, on the contrary, agreed to pay it and, in fact, always agreed to pay this account until after the fire.

Mr. J. L. McInnis, an insurance agent, says that defendant took out this additional insurance on account of these goods and says that defendant told him that as soon as he collected the insurance he expected to pay plaintiff.

On the contrary, he gives some testimony which corroborates defendant's theory that he did not purchase the goods.

For instance, on page 9 of the testimony he says:

"Mr. Boyett stated to me at that time, in fact he instructed me to write Mr. Dupree, who had written $1500.00 insurance, that he was going to return that. Mr. Bobo had some insurance on some goods there he didn't know about but Mr. Bobo didn't have that in insurance."

McInnis says, page 24:

"I didn't hear agreement when Mr. Bobo shipped goods down there; all I heard was when Mr. Bobo came down and marked up the goods."

And when asked if he recalled the conversation, he said he did not recall all of it, "only about keeping same down on this little day book—memorandum book."

This testimony about keeping a memorandum book is quite significant. If plaintiff made a sale in globo of these goods at a price fixed, there was no necessity for keeping a memorandum of the sales.

Defendant swears that he was to sell the goods for plaintiff as he could and that he was to keep and did keep a memorandum of the goods sold and was to make return to plaintiff, and to that end he kept a small book in which he noted each sale with the price and the profit made. In this he is corroborated by Mr. Otis McDowell, who was employed by defendant as a clerk in the store. He testified that when the goods arrived Mr. Bobo, the plaintiff, came down and the goods were marked and put on the shelves, and that defendant said in the presence of plaintiff that when a pair of shoes or anything else was sold that a memorandum was to be made in a little day book—said book to show the cost, selling price and stock number. This was kept for the purpose of making settlement with plaintiff.

That a memorandum of the sales was to be kept is sworn to not only by the defendant but by his clerk, McDowell, and by McInnis, the insurance agent. We are unable to understand why this was to be done if there was an outright sale of the goods made. There can be no sale without a fixed price in current money. Plaintiff says there was a fixed price. If so, why should defendant keep a memorandum of the sales?

Plaintiff testified that he was to give defendant a chance to pay for the goods, that is, to pay for them along as he could, and he alleges in paragraph 3 of his petition "that the said Boyett was to pay your petitioner for said goods, wares and merchandise as he sold same."

We think this allegation and the above quoted testimony are very significant and when considered in connection with defendant's positive testimony that he was to sell the goods for plaintiff on commission, we much hold that plaintiff has failed to make out his case. The burden of proof is on plaintiff to prove the sale. He has not done that to our satisfaction; therefore, his case falls.

We think the district judge was fully warranted in rejecting his demands. Defendant has not appealed from the judgment rejecting his demand for damages on account of the illegal issuance of the writ of attachment, and for that reason we have given no consideration to that branch of the case.

For the reasons assigned, it is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed, plaintiff to pay the costs in both courts.

Judge Reynolds being recused, took no part in the decision.